Before REID, Associate Judge; and SCHWELB and KING, Senior Judges.

### ORDER

PER CURIAM.

On consideration of the certified copy of the consent order of discipline entered into by the respondent and the Disciplinary Hearing Commission of the State of North Carolina, suspending respondent for a period of three years and requiring completion of ten hours of continuing legal education, compliance with North Carolina's wind down provisions, payment of costs of the proceeding within 30 days and the filing of a petition for reinstatement with the North Carolina Bar, *see North Carolina State Bar v. Tolly A. Kennon, III*, 09 DHC 22 (September 18, 2009), this court's November 19, 2009, order suspending respondent from the practice of law pending final disposition by this court, and directing respondent to show cause why reciprocal discipline of a three year suspension and a fitness requirement should not be imposed, the response thereto waiving the right to file an answer to the show cause order, the statement of Bar Counsel regarding reciprocal discipline, and it further appearing that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that respondent, Tolly A. Kennon, III, be and hereby is suspended for a period of three years with reinstatement conditioned on proof of fitness. Reinstatement is also conditioned upon the satisfaction of the requirements imposed by the North Carolina State Bar. *See In re Meisler*, 776 A.2d 1207, 1208 (D.C.2001) ("In reciprocal discipline cases, the presumption is that the discipline in the District of Columbia will be the same as it was in the original disciplining jurisdiction."); *In re D'Onofrio*, 764 A.2d 797 (D.C.2001) (a petition for reinstatement is the functional equivalent to a fitness requirement in the District); *In re Meaden*, 902 A.2d 802 (D.C.2006) (imposition of reciprocal three year suspension with a fitness requirement by committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer and for conduct involving dishonesty, fraud, deceit, or misrepresentation); *In re Berger*, 737 A.2d 1033, 1039–40 (D.C.1999) (imposition of a two-year reciprocal suspension for violating District of Columbia Rules of Professional Conduct 8.4(b), (c), & (d)). Additionally, since respondent has failed to file the required affidavit, his suspension is deemed to commence for purposes of reinstatement upon the filing of an affidavit required by D.C. Bar R. XI, § 14(g).

■

### In re Shelley A. STASSON, Respondent.

### No. 09–BG–1313.

District of Columbia Court of Appeals.

Jan. 28, 2010.

Before REID, Associate Judge; and SCHWELB and KING, Senior Judges.

## ORDER

PER CURIAM.

On consideration of the order of the Michigan Attorney Discipline Board suspending respondent for a period of four years, with reinstatement conditioned on respondent's showing of fitness to practice law, and directing payment of restitution and costs, *see Grievance Administrator, Attorney Grievance Comm'n v. Stasson,* no. 07–165–GA (March 20, 2009), this court's November 18, 2009, order that suspended respondent from the practice of law pending action of the court and directed her to show cause why identical reciprocal discipline should not be imposed, the Statement of Bar Counsel recommending reciprocal and identical discipline be imposed, and it appearing that respondent has failed to respond or file the affidavit required by D.C. Bar R. XI, § 14(g), it is

ORDERED that Shelley A. Stasson is hereby suspended from the practice of law in the District of Columbia for a period of four years with reinstatement conditioned on proof of fitness. *See e.g., In re Pelkey,* 962 A.2d 268 (D.C.2008); *In re Meaden,* 902 A.2d 802 (D.C.2006). Reinstatement is also conditioned upon satisfaction of the conditions imposed in Michigan. It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will begin upon the filing of an affidavit in compliance with D.C. Bar R. XI, § 14(g).